IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| MAMIE C. IRWIN, : | |
| : | |
| Plaintiff, : | |
| : | |
| vs. : | Civil Action No. |
| : | **7:04-CV-139 (RLH)** |
| JO ANNE B. BARNHART, : | |
| Commissioner of Social Security, : | |
| : | |
| Defendant. : | |

**ORDER**

The plaintiff herein filed an application for a period of disability, Disability Insurance benefits, and Supplemental Security Income benefits on April 23, 2001; this application was denied initially and upon reconsideration, and the plaintiff then requested a hearing before an Administrative Law Judge (ALJ), which was held on April 8, 2002. In a decision dated November 25, 2002, the ALJ denied plaintiff's claim. The Appeals Council remanded the claim on March 21, 2003. A second hearing was held on September 9, 2003, and the ALJ denied plaintiff's claim by a decision dated January 17, 2004. The Appeals Council affirmed the ALJ's decision, making it the final decision of the Commissioner. The plaintiff subsequently filed an appeal to this court. Jurisdiction arises under 42 U.S.C. § 405(g). All administrative remedies have been exhausted. Both parties have consented to the United States Magistrate Judge conducting any and all proceedings herein, including but not limited to the ordering of the entry of judgment. The parties may appeal from this judgment, as permitted by law, directly to the Eleventh Circuit Court of Appeals. 28 U.S.C. § 636(c)(3).

DISCUSSION

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence.  <u>Bloodsworth v. Heckler</u>, 703 F.2d 1233, 1239 (11th Cir. 1983).  The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue.  <u>Cornelius v. Sullivan</u>, 936 F.2d 1143, 1145 (11th Cir. 1991); <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971).  In reviewing the ALJ's decision for support by substantial evidence, this court may not re-weigh the evidence or substitute its judgment for that of the Commissioner.  "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence."  <u>Bloodsworth</u>, 703 F.2d at 1239.  "In contrast, the [Commissioners'] conclusions of law are not presumed valid....The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal."  <u>Cornelius</u>, 936 F.2d at 1145-1146.

20 C.F.R. § 404.1520 (1985) provides for a sequential evaluation process to determine whether a claimant is entitled to Social Security disability benefits.  The Secretary employs the following step-by-step analysis in evaluating a claimant's disability claims:  (1) whether the claimant is engaged in gainful employment;  (2) whether claimant suffers from a severe impairment which has lasted or can be expected to last for a continuous period of at least twelve months;  (3) whether claimant suffers from any of the impairments set forth in the listings of

impairments provided in Appendix 1;  (4) whether the impairments prevent claimant from returning to his previous work;  and (5) whether claimant is disabled in light of age, education, and residual functional capacity.  Ambers v. Heckler, 736 F.2d 1467, 1470-71 (11th Cir.1984). Should a person be determined disabled or not disabled at any stage of the above analysis, further inquiry pursuant to the analysis ceases. Accordingly, if a claimant's condition meets an impairment set forth in the listings, the claimant is adjudged disabled without considering age, education, and work experience.  20 C.F.R. § 404.1520(d).

The ALJ concluded that plaintiff had "severe" impairments of affective disorders, degenerative disc disease, and mild compression of L5-S1 nerve root, but that plaintiff retained the residual functional capacity to perform her past relevant work as a cookie packer.

*Credibility*

Plaintiff states the ALJ erred in concluding that her subjective complaints of disabling symptoms were not credible to the extent alleged.  Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir.1991), requires that an ALJ apply a three part "pain standard" when a claimant attempts to establish disability through his or her own testimony of pain or other subjective symptoms.

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.  A claimant may establish that her pain is disabling through objective medical evidence that an underlying medical condition exists that could reasonably be expected to produce the pain.

20 C.F.R. S 404.1529 provides that once such an impairment is established, all evidence about the intensity, persistence, and functionally limiting effects of pain or other symptoms must be considered in addition to the medical signs and laboratory findings in deciding the issue of

disability.  Foote v. Chater, 67 F.3d 1553,1560-1561 (11th Cir. 1995).

A claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability.   Holt v. Sullivan, supra at page 1223;  Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir.1987). Where the claimant's testimony is critical, the fact finder must articulate specific reasons for questioning a claimant's credibility. "[D]isregard of such complaints without articulating the reason is inappropriate because it deprives the reviewing court of the ability to determine the validity of that action.  When rejecting the credibility of a claimant's testimony, an ALJ must articulate the grounds for that decision."  Caulder v. Bowen, 791 F.2d 872, 880 (11th Cir.1986).

Specifically, the plaintiff asserts that the ALJ failed to consider evidence that plaintiff could have a conversion or somatization disorder that could have a negative impact on her physical pain.   Plaintiff states that she consistently complained of pain and problems with her back and leg.  Plaintiff states that the fact that Dr. Pasach found plaintiff to have good alignment of her lumbar spine does not mean that her testimony is not credible.

The Commissioner states that a one-time reference to the possible existence of conversion symptoms does not establish the existence of a conversion disorder, nor how it impacts her ability to perform work.  Moreover, it is evident that the ALJ did consider Dr. Pye's opinion in determining plaintiff's residual functional capacity, and rejected the opinions of consultative examiners who determined that plaintiff's mental impairments were not severe.  (Tr. 23).

The ALJ noted that plaintiff's range of motion was "voluntarily" restricted on at least one examination (Tr. 19, 198).  The ALJ found that most of plaintiff's maladies were either mild, not verified by recent objective testing, or were conditions for which plaintiff responded favorably to

treatment. (Tr. 22).

Additionally, the ALJ considered plaintiff's activities of daily living ( See 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3) (plaintiff's daily activities are relevant factors considered in evaluating subjective symptoms such as pain); Macia v. Bowen, 829 F.2d 1009, 1012 (11th Cir. 1987)). Plaintiff admitted that she drove a vehicle, had increased her activities at church including participation in the choir, socialized with family and friends, and was able to clean her home and read despite allegations of disabling pain, was eating and sleeping well, and that her overall activity had increased. (Tr. 22, 235, 237, 238, 241).

The ALJ properly determined plaintiff's crediblity.

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence, it is the ORDER of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405 (g).

**SO ORDERED**, this 28th day of March, 2006.

//S Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

msd